**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chidinma Grace Salako, | No. CV-25-01063-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Rushmore Loan Management Services LLC, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Chidinma Grace Salako's Motion for Leave of Court to File a Motion to Compel Proper Rule 26(A) Disclosures and For Sanctions Pursuant to Rule 37, LRCiv 7.1(A), 7.2(F) (Doc. 68, Mot. Compel), to which Defendants filed a response (Doc. 72, Resp.), and Plaintiff filed her reply (Doc. 78, Reply). Also at issue is Plaintiff's Motion for Leave to Serve Subpoenas (Doc. 69). For the reasons set forth below, the Court denies both Motions.

## I.    Motion to Compel

The parties were required to make all initial disclosures no later than August 22, 2025. (Doc. 57.) On this date, Defendants provided their initial disclosures to Plaintiff, wherein Defendants disclosed "Nationstar's corporate representative" as an individual likely to have discoverable information. (Doc. 68-1 at 3). Defendants also disclosed over six hundred pages of documents that includes, as relevant here, correspondence Defendants reportedly had with Plaintiff in relation to the loan at issue. (*Id.* at 4.)

. . .

The same day Defendants made their initial disclosure, Plaintiff sent Defendants a deficiency notice. (Doc. 68-2.) She sent a second deficiency notice the next day. (Doc. 68-4; Doc. 73-1 at 22–23.) Plaintiff's chief complaints of deficiency were: (1) Defendants identified a "corporate representative" broadly and without a brief description of the representative's knowledge; (2) Defendants failed to provide documents in usable format; and (3) Defendants failed to provide a computation of their attorney's fees as and for damages. (Doc. 68-4.) On August 26, 2025, Defendants responded to each of Plaintiff's concerns, explaining: (1) Defendants cannot identify a specific corporate representative until Plaintiff serves a 30(b)(6) notice of deposition; (2) the documents were in usable PDF format through a delivery method called TitanFile; and (3) Defendants cannot provide a computation of attorney's fees until they receive a favorable ruling on a dispositive motion or trial. (Doc. 73-1 at 22.)

In an email dated August 27, 2025 and entitled "Request for Meet and Confer," Plaintiff sent Defendants correspondence not depicted in the documents before the Court. (*See* Doc. 68-6.) Defendants responded on August 29, 2025, with their first supplemental disclosure. (*Id.*) Therein, Defendants listed six of their employees and a statement of the information known by each employee. (Doc. 68-3 at 3–5.)

On August 31, 2025, Plaintiff sent a third deficiency notice to Defendants disputing the competency of the employees and genuineness of the documents provided by Defendants. Plaintiff requested to meet and confer with Defendants. Soon after, Plaintiff apparently lost access to the platform TitanFile. (Docs 73-1 at 18, 20.) On September 6, 2025, Defendants responded through email that they have complied with their disclosure obligations, they were not required to provide Plaintiff a system to transmit her disclosure to them, and offered to send hard copies if problems accessing the shared disclosure link persisted. (*Id.* at 25, 28.)

In filing the present Motion, Plaintiff complains that nearly all the documents disclosed by Defendants contained "false claims and make-beliefs." (Mot. Compel at 2–3; *see* Reply at 2.) Plaintiff also states that, in supplemental disclosure, "Defendants identified

only vague 'corporate representatives' without names or contact information, contrary to Rule 26(a)(1)(A)(i)." (Mot. Compel at 3.) According to Plaintiff, Defendants failed to cure these deficiencies despite Plaintiff's thrice-sent deficiency notice, avoided Plaintiff's meet-and-confer requests, and failed to cooperate with Plaintiff. (Mot. Compel at 3–4; Reply at 3–4.) Lastly, Plaintiff accuses Defendants of "preventing Plaintiff from uploading or accessing disclosures." (Mot. Compel at 4.) Defendants argue they fully complied with their initial disclosure obligations and attempted to resolve Plaintiff's concerns in good faith. (Resp. at 3–5.)

Federal Rule of Civil Procedure 26 requires parties to disclose certain information then reasonably available to it that it will use to support its own claims or defenses. Fed. R. Civ. P. 26(a)(1), (e). Here, Defendants supplemented their disclosure by providing six specific individuals with purported knowledge either about the loan at issue, communications with Plaintiff, or a combination thereof. Defendants also disclosed over six hundred pages of documents they had in their possession, including loan and tax statements, transaction history and communication records. Lastly, Defendants identified that their only "damages" would be recovering their attorney's fees and costs, of which they will not know the full extent until trial. Defendants' disclosure is sufficient for the purposes of Rule 26(a)(1), and there is nothing to compel at this stage.

Plaintiff clearly mistrusts the authenticity of documents and competency of the employees listed by Defendants. But that is precisely what the discovery process is designed to expose, and Plaintiff may use the discovery tools at her disposal to do so. Further, Defendants have no obligation to provide to Plaintiff a delivery system in which Plaintiff could upload or transmit her *own* disclosure to Defendants. That is Plaintiff's responsibility alone.

Finally, the parties' written communication demonstrates a good faith attempt on both sides to resolve the disclosure dispute. While Defendants disagree with Plaintiff's characterization of the documents as disingenuous, they nonetheless attempted to resolve the issues raised by Plaintiff. Defendants responded to Plaintiff's' deficiency notices (Doc.

73-1 at 22–23, 25; Doc. 68-6) and quickly supplemented their disclosure to provide six specific individuals of whom have information related to this matter (Doc. 73-1 at 11–13; Doc. 68-6). Defendants revived the link for Plaintiff to access the documents through TitanFile and explained that the TitanFile system was not, nor was it required to be, a shared system in which Plaintiff could transmit her own disclosure. (Doc. 73-1 at 28.) Nothing in the record suggests that Defendants are not "willing to work cooperatively with Plaintiff."

## II.    Motion For Leave to Serve Subpoenas

General Order 18-19 requires "any self-represented litigant who wishes to serve a subpoena" to file a motion for issuance of the subpoena. "The motion must (1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents." Gen. Ord. 18-19. Plaintiff's Motion does not meet the requirements set out in General Order 18-19.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Leave of Court to File a Motion to Compel Proper Rule 26(A) Disclosures and For Sanctions Pursuant to Rule 37, LRCiv 7.1(A), 7.2(F) (Doc. 68).

**IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motion for Leave to Serve Subpoenas (Doc. 69).

Dated this 29th day of September, 2025.

_____
Honorable John J. Tuchi
United States District Judge

- 4 -