**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Chidinma Grace Salako,<br>Plaintiff,<br>v.<br>Rushmore Loan Management Services LLC, *et al.*,<br>Defendants. | No. CV-25-01063-PHX-JJT<br>**ORDER** |

At issue is *pro se* Plaintiff Chidinma Grace Salako's Motion to Conform IIED Claim to Court Order (Doc. 179), wherein Plaintiff requests the Court to quash Defendant's notices of videotaped depositions issued to her family members, Michael Hadenfeldt, and other non-parties (*id.* at 2). According to Plaintiff, these notices were issued after Plaintiff conformed her claim for intentional infliction of emotional distress pursuant to the Court's January 6, 2026 Order. (*Id.*) She also takes issue with the notices apparently excluding her from being present during the depositions. (*Id.*) Finally, Plaintiff requests "a protective order precluding further discovery directed to such individuals absent prior leave of Court." (*Id.*)

This is not Plaintiff's first attempt to disrupt discovery. It was only one month ago that Plaintiff moved to quash fifteen third-party subpoenas that had not yet been issued by Defendants (*see* Doc. 143). The motion came alongside a barrage of other motions for protective orders and other discovery-related documents filed by Plaintiff, which this Court resolved *en masse* on January 6, 2026 (*see* Doc. 159). While her earlier motion to quash

was denied as premature, the Court still set forth the Ninth Circuit applicable law, as follows:

> Under Rule 45(d)(3)(A), a court must quash or modify a subpoena that "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." The general rule in the Ninth Circuit is that "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Davenport v. SP Jedi, Inc.*, No. CV-18-02580-PHX-SMM, 2019 U.S. Dist. LEXIS 229314, *3 (D. Ariz. Apr. 19, 2019). Alternatively, "[s]ome courts have entertained a party's challenges to non-party subpoenas based on relevance or proportionality in the context of a motion for a protective order under Rule 26." *M.S. v. Angus*, No. 2:23-cv-09957-MWF-MAR, 2025 U.S. Dist. LEXIS 53252, at *9 (C.D. Cal. Feb. 11, 2025) (collecting cases).

(Doc. 159 at 10). This Court deemed that Plaintiff lacked standing to quash those fifteen subpoenas "because she identifies no privilege or personal right to the information that she has placed squarely at issue in her Amended Complaint or subpoenaed for her own purposes." (*Id*. at 11.) As for protective orders, the Court already recited as follows:

> The party seeking a protective order bears the burden of showing good cause. *Phillips v. GMC*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Good cause exists where "specific prejudice or harm will result if no protective order is granted." *Id*. at 1211 (citation modified); *see also San Jose Mercury News, Inc. v. United States Dist. Court - N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "The court considers all factors to determine whether the totality of the circumstances justifies the entry of a protective order." *Doe v. Horne*, 737 F. Supp. 3d 758, 767–68 (D. Ariz. 2024) (citation omitted).

(Doc. 159 at 6.) The same law applies here, but Plaintiff cites no privilege or personal right to any particular information known by the third parties subject to Defendants' notices, or any specific prejudice or harm resulting from such depositions aside from broad allegations of "harassment, intimidation, and discovery abuse." (Doc. 179 at 3.)

Even if there was such a privilege, right, prejudice, or harm, or to the extent Plaintiff challenges the relevance or proportionality of the third-party depositions in light of her reconfigured IIED claim, she must raise those disputes through the Court's established discovery dispute procedure set forth in the Scheduling Order (Doc. 57 at 3). The Court will not permit Plaintiff to contravene this established procedure again, which she did in December by overwhelming the Court with a slew of discovery-related filings. Plaintiff shall follow those procedures and, between her and Defendants, may file **one** document limited to one page per side to set forth each party's position as to the dispute. No other documents may be filed as it relates to the third-party deposition notices.

**IT IS ORDERED** striking Plaintiff's Motion to Conform IIED Claim to Court Order (Doc. 179).

Dated this 5th day of February, 2026.

Honorable John J. Tuchi
United States District Judge