**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Chidinma Grace Salako,

Plaintiff,

v.

Rushmore Loan Management Services LLC, *et al.*,

Defendants.

No. CV-25-01063-PHX-JJT

**ORDER**

Before the Court are several discovery disputes, the number and scope of which appear to be quickly snowballing once more. (Docs. 190–93.) While the Court will address these disputes in due course, it now observes that the parties have apparently slipped into the practice of *separately* filing their one-page position statement regarding the dispute.[1] (*See, e.g.*, Docs. 190, 192, 193.) This stops now. Moving forward, the parties shall strictly adhere to the discovery dispute procedure as set forth in the Scheduling Order (Doc. 57):

> [I]f a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation . . . the parties shall **jointly** file (1) a brief written summary of the dispute, not to exceed one page per side, with an explanation of the position taken by each side; and (2) a **joint** written certification that counsel or the parties have attempted to resolve the matter through personal consultation

[1] The Court notes that Defendants have not yet filed their respective position statement in relation to Plaintiff's Joint Discovery Dispute Summary Statement (Medical Records Only) No. 3 (Doc. 193). The Court will permit Defendants to separately file their position statement only to ensure the disputes currently before the Court are fully developed.

and sincere effort as required by Local Rule of Civil Procedure (LRCiv) 7.2(j) and have reached an impasse.

The next party that violates this directive will be ordered to appear before the Court and show cause why they should not be sanctioned for contempt.

Separately, the Court notes that *pro se* Plaintiff Chidinma Grace Salako has filed numerous satellite documents including one declaration "in support of supplemental production" and another "in support of analytical exhibit." These documents discuss exhibits not before the Court and not connected with any particular brief or dispute. (Docs. 178, 184.) Plaintiff has also filed what can only be characterized as a sur-reply (Doc. 187) to Defendants' reply memorandum in support of their Notice of Noncompliance and Motion for Sanctions (Doc. 180). Sur-replies are not permitted, but Plaintiff already knows this because the Court informed her as much in its prior order (Doc. 43 at 4). Plaintiff continues to inundate the Court with immaterial or improper documents. As repeated many times by the Court, overwhelming the docket with such uncalled-for filings does nothing but delay resolution and distract the Court from its hundreds of other matters currently pending before it. As the Court has repeatedly stated, the Rules of Civil Procedure provide an orderly course to shape a matter for resolution, and parties derail the process when they attempt to raise and argue the merits out of order.

**IT IS ORDERED** striking the following documents:

1. Plaintiff's Declaration in Support of Supplemental Production (Doc. 178);
2. Declaration Of Chidinma Grace Salako in Support of Analytical Exhibit (Doc. 184);
3. Notice Of Clarification and Supplemental Declaration of Plaintiff (Doc. 187); and
4. Notice Of Errata Regarding Notice of Clarification and Supplemental Declaration [Doc. 187] (Doc. 188).

**IT IS FURTHER ORDERED** that neither party may file any documents, including declarations and notices, related to the Motion for Sanctions and the discovery disputes currently before the Court, except that Defendants may file their one-page position statement in relation to Plaintiff's Joint Discovery Dispute Summary Statement (Medical

Records Only) No. 3 (Doc. 193) no later than **February 17, 2026**. The Court will resolve the outstanding motion and disputes in due course.

Dated this 10th day of February, 2026.

Honorable John J. Tuchi
United States District Judge