**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Chidinma Grace Salako,

Plaintiff,

v.

Rushmore Loan Management Services LLC, *et al.*,

Defendants.

No. CV-25-01063-PHX-JJT

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration of April 24, 2026 Order (Doc. 214). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration may not be used to repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff argues that the Court committed clear error by materially mischaracterizing the record. First, Plaintiff takes issue with how the Court characterized Plaintiff's payment history of her home loan, which she believes is controverted by her verified complaint.

Assuming Plaintiff is correct, it had no bearing on the Court's substantive decisions and is, therefore, immaterial. Plaintiff next argues that the Court wrongly relied on Defendants' assertions that Plaintiff did not comply with the January 6, 2026 Order despite Plaintiff submitting evidence of her compliance. But the Court did not blindly rely on Defendants' briefing; rather, it independently analyzed Plaintiff's amended responses that both parties attached to their respective briefing to determine whether she complied with the Court's order. That review revealed that she did not. Next, Plaintiff argues that the Court wrongly "accepted" Defendants' assertion that Plaintiff withheld subpoena records. But the Court expressly rejected that assertion and found no discovery deficiency as it related to her production of subpoena responses. (*See* Doc. 213 at 13.) The remaining arguments raised by Plaintiff were already raised in the submitted briefing, which the Court already considered in reaching its decision. Plaintiff having failed to show that reconsideration is warranted,

**IT IS ORDERED** denying Plaintiff's Motion for Reconsideration of April 24, 2026 Order (Doc. 214).

Dated this 30th day of April, 2026.

Honorable John J. Tuchi
United States District Judge